IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Johnathan Echevarria,

     Plaintiff,

vs.                             CASE NO.:

AutoZone Stores, LLC d/b/a
AutoZone #591,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Johnathan Echevarria, (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and pursuant to the Uniformed Services Employment and Re-employment Act, 38 U.S.C. § 4301, *et seq*., ("USERRA") and sues the Defendant, AutoZone Stores, LLC d/b/a AutoZone #591 (hereinafter referred to as "Defendant") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(4) and 38 U.S.C. § 4323(b).

2. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. § 1391 because the unlawful employment practices described herein were committed within Hillsborough County, Florida, which lies within this Judicial District.

1

## PARTIES

3.    Plaintiff is a resident of Hillsborough County, Florida, and at all times material hereto was an employee of Defendant within the meaning of USERRA.

4.    Defendant, AutoZone Stores, LLC d/b/a AutoZone #591, is a is a limited liability company authorized and doing business in Hillsborough County, Florida, with its store located at 1347 S. 78th Street, Tampa, Florida 33619. At all times material to this action, Defendant was an employer as defined by USERRA.

5.    Plaintiff has satisfied all conditions precedent to bringing this action, or such conditions have been waived.

6.    At all times material hereto, Plaintiff's immediate supervisor was Lavina, the store manager of AutoZone Store #591, and David Hines served as Defendant's Human Resources Director.

## FACTUAL ALLEGATIONS

7.    Plaintiff began his employment with Defendant on or about February 3, 2026, as a full-time Commercial Driver at AutoZone Store #591, located at 1347 S. 78th Street, Tampa, Florida 33619.

8.    At the time of hire, Plaintiff earned $14.15 per hour and regularly worked approximately forty (40) hours per week.

2

9.    Plaintiff is a member of the United States Army Reserves, holding the Military Occupational Specialty (MOS) of Military Police (31B).

10.    On or about March 13, 2026, Plaintiff received a temporary military reservation confirmation for enlistment into the United States Army Reserve. On March 17, 2026, that reservation was made permanent. Plaintiff's orders required him to ship for One Station Unit Training ("OSUT") on April 28, 2026, with training lasting approximately nineteen (19) weeks and six (6) days.

11.    In mid-March 2026, during a workplace conversation in which store manager Lavina inquired about Plaintiff's aspirations to grow within the company, Plaintiff informed Lavina that he intended to fulfill his military service obligations. Upon receiving this information, Lavina immediately became annoyed and bitter. Plaintiff also texted Lavina a copy of his military orders. Thereafter, Lavina began speaking to Plaintiff rudely and ignoring his requests — a marked change in her prior treatment of him.

12.    On or about March 30, 2026, Defendant removed Plaintiff from his position as Commercial Driver and reassigned him to a customer service associate role. Defendant replaced Plaintiff's driving duties by assigning them to Landon, a less experienced Driver, who was not a member of the uniformed services and had no pending military obligations. Plaintiff was simultaneously transferred into Landon's former customer service position.

13.    Following this demotion, Plaintiff's work hours were reduced from forty (40) hours per week to eighteen (18) hours per week, and then further reduced to five (5) hours per week. As of the week of April 19, 2026, Plaintiff was scheduled for only ten (10) hours.

14.    The adverse employment actions described herein — including Plaintiff's demotion, the reassignment of his duties to a non-service member, and the drastic reduction of his work hours — occurred in direct temporal proximity to Plaintiff's disclosure of his military service obligations and orders, and were motivated by Plaintiff's membership in and obligations to the uniformed services.

### COUNT I
### DISCRIMINATION IN VIOLATION OF THE
### UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT ACT
### (Adverse Employment Action — Demotion and Reduction in Hours)

15.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16.    USERRA prohibits discrimination against persons who serve in the uniformed services. Specifically, "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for

4

membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

17. Plaintiff's membership in the Army Reserves, his obligation to report for OSUT training, and his disclosure of those military orders to his store manager were motivating factors in Defendant's decision to demote him from Commercial Driver to customer service associate and to dramatically reduce his work hours.

18. Defendant replaced Plaintiff with a non-service member and assigned Plaintiff to a lower-grade position, reducing his hours and pay, in violation of USERRA's express prohibition on discrimination based on military service or obligation.

19. Defendant's violation of 38 U.S.C. § 4311 was willful within the meaning of 38 U.S.C. § 4323(d)(1)(C).

20. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other economic and non-economic harm.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Liquidated damages;

  e.  Attorneys' fees and costs; and

  f.  Injunctive and declaratory relief;

  f.  For any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

21. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

22. USERRA prohibits any employer from taking adverse action against any person because that person has taken action to enforce protections afforded to members of the uniformed services, exercised a right provided under USERRA, or performed service in a uniformed service.

23. Following Plaintiff's disclosure of his military obligations, Defendant's store manager Lavina immediately and demonstrably changed her treatment of Plaintiff — becoming hostile, ignoring his requests, and speaking to him rudely. Within days, Defendant demoted Plaintiff from his Commercial Driver position and slashed his hours from full-time to a fraction of his prior schedule.

24. The close temporal proximity between Plaintiff's protected

6

disclosures and Defendant's adverse employment actions, combined with the hostile reaction exhibited by Plaintiff's supervisor upon learning of his military obligations, demonstrates that Defendant's actions were in retaliation for Plaintiff's exercise of rights protected by USERRA.

25.     Defendant's retaliatory conduct was willful within the meaning of 38 U.S.C. § 4323(d)(1)(C).

26.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other economic and non-economic harm.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Liquidated damages;

e.     Attorneys' fees and costs; and

f.     Injunctive and declaratory relief;

f.     For any other relief this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

27.     Plaintiff, Johnathan Echevarria, requests a jury trial on all issues so

triable.

Dated this 4th day of May 2026

**FLORIN|GRAY**

*/s/ Wolfgang M. Florin*
**WOLFGANG M. FLORIN**
Florida Bar No.: 907804
wflorin@floringray.com
debbie@floringray.com
**MIGUEL BOUZAS**
Florida Bar No.: 48943
miguel@floringray.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 220-4000
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*